# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>**GURUSAMY, INC.,** doing business as<br>**HEALTH SERVICES OF THE PACIFIC,**<br>**BRIAN CREGHAN, PA-C,** and **ADMIRAL**<br>**INSURANCE COMPANY,**<br><br>       **Petitioners-Defendants,**<br>vs.<br><br>**ROSE MARIE G. MATERNE,**<br>Individually and as Special Administratrix of<br>the Estate of Franklin Emmanuel Guerrero<br>Materne, Deceased,<br><br>       **Respondent-Plaintiff.** | Special Proceedings Case No. SP0111-24<br><br><br><br><br><br>**DECISION AND ORDER**<br>**GRANTING MOTION TO DISMISS** |

This matter came before the Honorable Dana A. Gutierrez for a hearing on Respondent-Plaintiff Rose Marie G. Materne's ("Materne") Motion to Dismiss Interlocutory Appeal for Lack of Subject Matter Jurisdiction of Non-Final Arbitral Decision Under the Mandatory Medical Malpractice Arbitration Act ("Motion to Dismiss"). At the hearing, Attorney Matthew J. Holley appeared on behalf of Materne, and Attorney Minakshi V. Hemlani appeared on behalf of Petitioners-Defendants Gurusamy, Inc., doing business as Health Services of the Pacific ("Gurusamy") and Brian Creghan, PA-C ("Creghan") (collectively "HSP"). Upon review of the arguments, pleadings, and applicable Guam law, the Court hereby **GRANTS** Materne's Motion to Dismiss.

## BACKGROUND

This matter is before the Court upon a Notice of Appeal (Aug. 23, 2024) filed by HSP, which seeks a trial *de novo* on the "Decision and Order on Respondents' Motions for Judgment on the Pleadings and to Dismiss" (hereafter, "Phase One Decision") issued by Arbitrator Frederick Horecky on July 25, 2024.

The underlying case concerns allegations of medical malpractice. Materne claims that her son, Franklin Emmanuel Guerrero Materne, died as a result of inadequate medical care provided by Creghan, an agent of HSP. *See* Not. App., Ex. A (Phase One Decision).[1] On November 27, 2023, in accordance with the Guam Medical Malpractice Mandatory Arbitration Act ("MMMAA"), Materne served HSP with a Petition and Demand for Arbitration. *Id.* at 2. On December 28, 2023, HSP served their Answer to Materne's Petition and Demand. *Id.*

On February 20, 2024, Materne and HSP entered into a Joint Stipulation for Arbitration. The parties agreed that they "recognize the Claim should proceed under Guam's Medical Malpractice Mandatory Arbitration Act . . . except as otherwise stipulated herein." Not. App., Ex. B at 1 (hereafter, "Stipulation"). The parties further agreed that they "have agreed to and waive objection" to certain stipulations "notwithstanding requirements under the Act." *Id.* at 2; *see also* 10 GCA § 10129 ("[a]ny party who proceeds with arbitration after knowledge that any provision of this chapter has not been complied with and fails to state his objections thereto in writing shall be deemed to have waived his right to object."). Although the MMMAA requires that an arbitration "shall be heard by a panel of three (3) arbitrators," 10 GCA § 10108, the parties stipulated that the

---

[1] Petitioner-Defendant AIC was added to the case on April 18, 2024, upon the filing of Materne's First Amended Petition and Demand for Arbitration.

2

arbitration would be heard only by a single arbitrator. Stipulation at 2. The parties also stipulated to a two-phase arbitration as follows:

> **Arbitration Phases:** For continuing efforts towards efficiency and minimizing costs, the parties agree that the arbitration shall proceed in the following two steps:
>
> **A. Phase One** shall involve the determination of preliminary issues and challenges including, but not limited to, the statute of limitations. The arbitrator will hold a prehearing meeting to outline such issues and determine what, if any, discovery must be exchanged for the resolution of such issues. The arbitrator will also determine the procedure for the filing of motions and oral argument, if requested.
>
> i. **Appeal:** Upon the issuance of the Arbitrator's decision and order on preliminary issues raised in Phase One, either party may choose to appeal to the Superior Court of Guam within 30 days pursuant to 10 GCA 10139.
>
> **B. Phase Two** shall involve adjudication of the merits and shall commence within 45 days of issuance of the Arbitrator's decision on any Phase One issues, assuming neither party chose to appeal the Phase One order.

*Id.* (emphasis added). On June 13, 2025, the parties conducted their "Phase One" arbitration. On July 25, 2024, Arbitrator Horecky issued his Phase One Decision, denying HSP's Motion for Judgment on the Pleadings and largely denying their Motion to Dismiss.

On August 23, 2024, HSP filed a Notice of Appeal in the Superior Court of Guam. In response, Materne filed the instant Motion to Dismiss pursuant to Guam Rule of Civil Procedure ("GRCP") 12(b)(1). On October 10, 2024, HSP filed an Opposition to Motion to Dismiss ("Opposition"), and on October 30, 2024, Materne filed her Reply. On February 11, 2025, the Court heard the motion and took the matter under advisement.

3

## DISCUSSION

### 1. The Court Lacks Jurisdiction

Materne argues that her Motion to Dismiss must be granted because the Court lacks jurisdiction to entertain a Notice of Appeal from the Phase One Decision. Although HSP responds that the appeal does not truly implicate subject matter jurisdiction, *see infra*, the Court agrees that it must examine its jurisdiction. *Cf. Teleguam Holdings LLC v. Guam*, 2018 Guam 5 ¶ 19 ("Guam courts have a duty to police their jurisdiction and power.").

Because this matter proceeds as an appeal from an arbitration under the MMMAA, it implicates the Court's appellate jurisdiction, as opposed to its general jurisdiction. The Organic Act of Guam confers upon the Superior Court "appellate jurisdiction over all causes in Guam as the laws of Guam provide." 48 U.S.C.A. § 1424-1(d). With respect to appellate jurisdiction, the laws of Guam provide that "except for those causes exclusively vested in the Supreme Court, [the Superior Court] may have appellate jurisdiction as may be provided by the Legislature." 7 GCA § 3105; *see also* 7 GCA § 4101(a) (the Superior Court's jurisdiction is "as prescribed by this Title and in other laws of Guam."); *Gov't of Guam v. Gutierrez ex rel. Torres*, 2015 Guam 8 ¶ 14 (the Superior Court has "some appellate jurisdiction, not exclusively reserved for the Supreme Court, as provided by the legislature."). Each of these sources make clear that the Superior Court's appellate jurisdiction is limited to that which has been provided by the Guam Legislature. *Cf. People v. Angoco*, 2006 Guam 18 ¶ 8 (the Guam Supreme Court has "consistently held that [its] appellate jurisdiction is limited to those matters which the legislature permits [it] to review."). The Court must therefore determine whether the Legislature has conferred jurisdiction to hear an appeal of this nature.

### A.     Title 10 GCA § 10139 Does Not Confer Appellate Jurisdiction Here

It is undisputed that the claims in this case fall under the MMMAA, and that this requires the claims to be submitted to "mandatory arbitration." 10 GCA § 10102. Under the MMMAA, the Superior Court has no power to hear a medical malpractice claim that (1) falls within the scope of the MMMAA, and (2) has not yet been arbitrated:

> If any suit or proceeding is brought in the courts of Guam upon any issue referable to arbitration under this chapter, the court in which said suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referrable to arbitration under this chapter, <u>shall</u> upon application of one of the parties, <u>stay all proceedings in the action until such arbitration has been had in accordance with the terms of this chapter.</u>

10 GCA § 10114 (emphasis added). However, the Superior Court may have jurisdiction to entertain an appeal *after* the arbitration has concluded. Under 10 GCA § 10139:

> (a) <u>Within thirty (30) days after the award is served upon the parties</u>, any party may file with the clerk of the Superior Court of Guam and serve on the other parties and the Association a written Notice of Appeal and Request for Trial De Novo of the action.
>
> (b) After the filing and service of the written Notice of Appeal and Request for Trial De Novo, the case shall be set for trial pursuant to applicable court rules.
>
> (c) If the action is triable by right to a jury, and a jury was not originally demanded but is demanded within ten (10) days of service of the Notice of Appeal and Request for Trial De Novo by a party having the right of trial by jury, the trial de novo shall include a jury, and a jury trial fee shall be paid as provided by law.

(emphasis added). Thus, while the Court has no jurisdiction to entertain a medical malpractice claim *prior* to arbitration, it may obtain appellate jurisdiction *after* service of an arbitral award.

The problem with this appeal is that the Phase One Decision does not appear to be an "award" within the meaning of the MMMAA. Under 10 GCA § 10133(a), an "award" must include

5

"a determination of all the questions submitted to arbitration by each party, the resolution of which is necessary to determine the dispute, controversy, or issue." The Phase One Decision does not address all the questions submitted to arbitration, nor was it intended to: the parties explicitly stipulated that the merits of the case will be heard at the Phase Two Arbitration, which has not yet occurred. *See* Stipulation at 2; *see also* Phase One Decision at 22, 38 (reserving on certain questions until after the merits hearing). If the Court were to construe the Phase One Decision as an "award," then it would be plainly defective under 10 GCA § 10133(a). Instead, the Court concludes that the Phase One Decision is not an "award" within the meaning of the MMMAA because it does not resolve all the questions submitted to arbitration. That being so, HSP's Notice of Appeal was not filed "within thirty (30) days after the award is served," as required by 10 GCA § 10139(a), because the award has not been served yet.

Because the Notice of Appeal does not comply with 10 GCA § 10139(a), the Court has not obtained appellate jurisdiction to hear the matter through that statute. *See, e.g., People v. Rios*, 2011 Guam 6 ¶ 11 ("a defective notice of appeal may deprive this court of jurisdiction to hear an appeal."); *Gill v. Siegel*, 2000 Guam 10 ¶ 5 ("The filing of a timely notice of appeal to take an appeal as of right is an absolute requirement from which this court has no discretion to digress."); *United States v. Robinson*, 361 U.S. 220, 224 (1960) (filing a timely notice of appeal is "mandatory and jurisdictional"); *Bourhis v. Lord*, 295 P.3d 895, 901 (Cal. 2013) ("filing a timely notice of appeal is a jurisdictional requirement.").

And apart from 10 GCA § 10139(a), the Court finds no other legislative grant of appellate jurisdiction for this type of appeal. First, nothing in the MMMAA explicitly contemplates any type of appeal except the aforementioned appeal from an "award." Second, unlike the Supreme Court,

*see* 7 GCA § 3108(b), the Superior Court does not have a general discretionary authority to accept interlocutory appeals. Third, the parties have not proposed any other Guam statute—nor is the Court aware of any—that would confer jurisdiction here. Since this Court's appellate jurisdiction exists only "as may be provided by the Legislature," 7 GCA § 3105, and since the Legislature has not provided jurisdiction in this circumstance, the Court concludes it lacks jurisdiction over the Notice of Appeal.[2]

## B. Materne's GRCP 12(b)(1) Motion was Procedurally Proper

The Court next turns to HSP's contention that a motion to dismiss under Guam Rule of Civil Procedure 12(b)(1) is an "improper procedural vehicle" because this case does not actually present a question of subject matter jurisdiction. *See* Opposition at 5. HSP argues that as a matter of policy, if the arbitrability of a claim is viewed as a true *jurisdictional* issue, then unpalatable results would follow. *See id.* (citing *Wolff v. Tomahawk Mfg.*, 2022 WL 377926 * 4 (D. Or. Feb. 8, 2022)). It is well-established that subject matter jurisdiction "can be raised at any time, including after trial has concluded and for the first time on appeal, and may not be waived or excused by the parties." *Teleguam Holdings*, 2018 Guam 5 ¶ 19 (quoting *Taitano v. Lujan*, 2005 Guam 26 ¶ 21). That being so, if arbitrability is viewed as a truly *jurisdictional* issue, then parties would be unable to mutually waive their arbitration rights in order to litigate the matter instead. *See Wolff*, 2022 WL 377926 * 4. Likewise, if arbitrability could be "raised at any time," a court would be powerless

---

[2] The Court's holding comports with that of other Superior Court Judges. *See Devera v. Guam Regional Medical City*, CV0028-18 (Dec. & Order at 4, May 4, 2018) (Judge Cenzon: "The Court similarly finds it lacks subject matter jurisdiction until Plaintiff *completes* arbitration"); *Manibusan v. Guam Healthcare Dev.*, CV1165-17 (Dec. & Order at 4, Mar. 23, 2018) (same); *Atilano v. Bryson*, CV1224-11 (Dec. & Order, March 23, 2012) (Presiding Judge Lamorena: "the MMMAA implicitly precludes court involvement with the arbitration proceedings: the only authority granted to the Court by the MMMAA prior to an appeal from a final arbitration decision is the authority to stay a related court action and issue an order directing the parties 'to proceed with arbitration in accordance with the terms of this chapter.'").

to prevent a party from fully availing itself of litigation, and then, upon receiving a disappointing result, demanding that the whole litigation be nullified because the case needed to have been arbitrated instead. *See id.* at * 5.

However, this policy argument assumes that arbitration and litigation are two alternatives which the contracting parties might freely choose between. In *Wolff*, for example, the underlying claim was for breach of contract, which is the sort of claim that courts generally have subject matter jurisdiction over. When the *Wolff* parties agreed to arbitrate their claim, they agreed that they would not avail themselves of the federal courts, even though the claim otherwise could have been addressed in that forum. In that circumstance, it may be reasonable to conclude that the parties' private arbitration agreement does not *strip* the court of jurisdiction that it otherwise has. *See Minnesota Supply Co. v. Mitsubishi Caterpillar Forklift America, Inc.*, 822 F. Supp. 2d 896, 904 n.10 (D. Minn. 2011) ("the fact that the parties have contractually agreed to resolve any particular dispute by arbitration says nothing about whether that dispute would satisfy federal question, diversity or any other basis of subject-matter jurisdiction."); *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018) ("An arbitration agreement alone, without other statutory or binding jurisdictional limitations, does not divest the federal courts of subject matter jurisdiction.").

By contrast, the Superior Court does not begin with jurisdiction over medical malpractice claims. *See* 10 GCA § 10102 ("Any [medical malpractice] claim that accrues or is being pursued in the territory of Guam . . . <u>shall</u> be submitted to mandatory arbitration pursuant to the terms of this Chapter . . . .") (emphasis added). The Superior Court may *obtain* jurisdiction to hear a medical malpractice appeal, but only upon a timely appeal from an "award" under 10 GCA § 10139(a). For that reason, the policy concerns highlighted by *Wolff* would not arise in the context of the

8

MMMAA. There is no danger that a crafty party might seek to nullify a completed medical malpractice litigation by belatedly demanding arbitration. Such a medical malpractice litigation could never commence because the Superior Court would not have jurisdiction to entertain it prior to arbitration.

HSP further argues that interpreting arbitrability as a jurisdictional question would impinge upon the parties' freedom-of-contract rights. However, even assuming that parties are free to contract around certain strictures of the MMMAA,[3] it is well-established that parties do not have the contractual "freedom" to create jurisdiction where it does not otherwise exist. *See, e.g., Kolbe v. Truden*, 945 F. Supp. 1268, 1270 (D. Ariz. 1996) ("The parties cannot agree to invest this Court with subject matter jurisdiction. Either subject matter jurisdiction exists or it does not exist, a matter independent of the parties' agreement."); *Polk County v. Sofka*, 702 So. 2d 1243, 1245 (Fla. 1997) ("the parties cannot stipulate to jurisdiction over the subject matter where none exists."); *Judge v. Nijjar Realty, Inc.*, 181 Cal. Rptr. 3d 622 (Ct. App. 2014) ("The parties cannot confer jurisdiction on an appellate court by consent or stipulation."). This is a logical corollary to the principles that (1) parties cannot waive jurisdiction and (2) courts must consider jurisdiction *sua sponte* if necessary. *Teleguam Holdings*, 2018 Guam 5 ¶ 19. Each supports the premise that the Superior Court's jurisdiction is as provided by the Legislature—not by the litigants.

---

[3] The parties' various stipulations—for instance, the agreement to use a single arbitrator rather than a panel of three arbitrators—appear to derive from mutual agreement to use the MMMAA's waiver provision, 10 GCA § 10129. Since the Court has determined that it currently lacks jurisdiction over this matter, and since the issue is not necessary to determine the Motion to Dismiss, the Court expresses no opinion as to whether the other stipulations are permissible under the MMMAA. The Court holds only that the parties' Stipulation could not, and did not, create jurisdiction here.

As this Decision and Order has explained, HSP's appeal presents a bona fide question regarding the scope of the Superior Court's appellate jurisdiction. That being so, a motion to dismiss under GRCP 12(b)(1), specifically, is an appropriate vehicle to seek review of that issue.

## CONCLUSION

Based on the above analysis, the Court finds that it lacks subject matter jurisdiction to entertain this interlocutory appeal. The Court therefore **GRANTS** Materne's Motion to Dismiss without prejudice. HSP is not precluded from a future appeal, in accordance with 10 GCA § 10139, after an arbitral award is served on the parties.

SO ORDERED:    **JUL 16 2025** .


**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam